IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATOCHIA LEWIS, on behalf of Plaintiff and a class, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIEHL & BIEHL, INC. )<br>)<br>Defendant. | DIST. COURT NO.:_____<br><br>STATE CASE NO.: 2020CH05291 |

### NOTICE OF REMOVAL

To: Judges of the United States District Court for the Northern District of Illinois, Eastern Division

Defendant, BIEHL & BIEHL, INC. ("Defendant"), by and through its attorneys David M. Schultz and Jennifer W. Weller of Hinshaw & Culbertson, LLP, gives its Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 1446, and in support thereof, states as follows:

1. On August 6, 2020, Plaintiff filed a complaint against Defendant in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. A copy of the summons and complaint is attached hereto and incorporated herein by reference as Exhibit A.

2. On or around August 26, 2020, process was served on Defendant. See Exhibit A.

3. Copies of the above-mentioned complaint and summons constitute true and correct copies of the documents filed and served on Defendant. A copy of the court docket sheet, and additional documents contained in the court docket, are attached as Exhibit B.

4. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the complaint upon any defendant. 28 U.S.C. § 1446(b)(1).

5. 28 U.S.C. §1441(a) provides as follows:

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. The United States District Court for the Northern District of Illinois has jurisdiction over the Plaintiff's claim due to the fact that the allegations contained in her complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

7. Specifically, in the complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. al*. (Ex. A.)

8. The FDCPA is a federal statute and thus claims for violations of the FDCPA are removable. *See, e.g., Cigler v. Ocwen Loan Servicing,* LLC, No. 2:15cv17, 2015 U.S. Dist. LEXIS 33140, *4, (N.D. Ind. Mar. 18, 2015)(noting that claims based on alleged violations of the FDCPA raise a federal question); *Llames v. JP Morgan Chase & Co.*, No. 11 cv 5899, 2012 U.S. Dist. LEXIS 51682, at *2 (N.D. Ill. March 23, 2012) (discussing the proper removal of FDCPA claims to federal court); *Devries v. Wells Farm Fin.*, No. 10-03270, 2011 U.S. Dist. LEXIS 10955, at *2-3 (C.D. Ill. Feb. 3, 2011) (stating that, on a complaint that pleaded state law claims and FDCPA claims, "Defendants removed the action to this Court based on federal question jurisdiction.").

WHEREFORE, Defendant, BIEHL & BIEHL, INC. respectfully requests that this case proceed in this court as an action properly removed.

| David M. Schultz (dschultz@hinshawlaw.com) Jennifer W. Weller (jweller@hinshawlaw.com) Hinshaw & Culbertson LLP 151 N. Franklin St. Suite 2500 Chicago, IL, 60606 Tel: 312-704-3000/Fax: 312-704-3001 | By: | Respectfully submitted, <br><br> /s/*Jennifer W. Weller* <br> One of the attorneys for <br> BIEHL & BIEHL, INC. |
|---|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I caused **BIEHL & BIEHL, INC'S NOTICE OF REMOVAL** to be electronically filed with the clerk of the Court through the CM/ECF system with a copy of the same to be served by mail to the following:

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Daniel Scott Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
courtecl@edcombs.com


                 */s/Jennifer W. Weller*

1034989\306657551.V1