# EXHIBIT A

Hearing Date: 12/4/2020 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
          Cook County, IL

FILED
8/6/2020 3:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 8/6/2020 3:32 PM  2020CH05291

10024230

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(02/19/20) CCCH 0623

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

Natochia Lewis

                                            Plaintiff

v.

Biehl & Biehl, Inc.

                                            Defendant

Case No: 2020CH05291

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ | Administrative Review | 0017 | ☐ | Mandamus |
| 0001 | ☑ | Class Action | 0018 | ☐ | Ne Exeat |
| 0002 | ☐ | Declaratory Judgment | 0019 | ☐ | Partition |
| 0004 | ☐ | Injunction | 0020 | ☐ | Quiet Title |
| | | | 0021 | ☐ | Quo Warranto |
| 0007 | ☐ | General Chancery | 0022 | ☐ | Redemption Rights |
| 0010 | ☐ | Accounting | 0023 | ☐ | Reformation of a Contract |
| 0011 | ☐ | Arbitration | 0024 | ☐ | Rescission of a Contract |
| 0012 | ☐ | Certiorari | 0025 | ☐ | Specific Performance |
| 0013 | ☐ | Dissolution of Corporation | 0026 | ☐ | Trust Construction |
| 0014 | ☐ | Dissolution of Partnership | 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| 0015 | ☐ | Equitable Lien | | | |
| 0016 | ☐ | Interpleader | | ☐ | Other (specify) _____ |

○ Atty. No.: 41106           ○ Pro Se 99500

Atty Name: Daniel A. Edelman

Atty. for: Plaintiff Natochia Lewis

Address: 20 S. Clark St. Suite 1500

City: Chicago        State: IL

Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

**Atty. No. 41106**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| NATOCHIA LEWIS, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BIEHL & BIEHL, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Natochia Lewis brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Biehl & Biehl, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

1

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was intimidated, misled and confused by the conduct complained of herein. Plaintiff felt it necessary to retain counsel to deal with such conduct.

## PARTIES

8. Plaintiff Natochia Lewis is an individual who resides in Illinois.

9. Defendant Biehl & Biehl, Inc. is an Illinois corporation. Its registered agent and office is Caroline S. Smith, 180 N. Lasalle St., Ste. 3300, Chicago, IL 60601.

10. Defendant Biehl & Biehl, Inc. is engaged in the business of collecting debts incurred for personal, family or household purposes and owed to others. The debts include educational debts, medical debts, and charges for newspapers and periodicals.

11. Defendant Biehl & Biehl, Inc. uses the mails, telephone system and internet for that purpose.

12. Defendant Biehl & Biehl, Inc. is a debt collector as defined in the FDCPA.

## FACTS

13. Defendant has been attempting to collect from Plaintiff an alleged educational debt.

14. Any such debt is for personal, family or household purposes.

15. On or about March 6, 2020, Defendant sent Plaintiff the letter attached as Exhibit A.

16. Exhibit A states that "We have been asked by Benedictine University to take whatever collection action is allowed by law to obtain their money."

17. Exhibit A is a form letter.

2

18. Prior to Exhibit A, Defendant sent Plaintiff a letter containing the "notice of debt" required by the FDCPA, 15 U.S.C. §1692g.

19. On the morning of March 9, 2020, Defendant sent Plaintiff the e-mail attached as Exhibit B.

20. Exhibit B states:

Please be advised that our firm has been retained to intercede on behalf of Benedictine University in facilitating resolution for the above reference claim. It is our endeavor to resolve this matter amicably and prevent further action.

Our client previously exhausted all efforts internally in seeking your voluntary cooperation. **Absent documentation from you that clearly indicates why your organization is lawfully withholding payment; full resolve with your intentions for payment must be presented to this office**.

Please contact me immediately to process payment by phone or forward a copy of your check to my attention via email or facsimile and payment will be processed as an EFT (Electronic Funds Transfer).

21. On the afternoon of July 29, 2020, Defendant sent Plaintiff the e-mail attached as Exhibit C.

22. Exhibit C states:

We have not heard from you on this outstanding debt. At this time, it is important to know your intentions and have an open line of communication.

Since we have not heard from you, we can only assume you do want to defend this case. However due to Covid-19 we are giving everyone a chance to work their debts out voluntarily first. That does take an open line of communication and to notify us of your intentions to clear this debt once the nation is released from quarantine.

Reach out today so this case does not move forward for additional remedies during these times.

23. On information and belief, communications such as Exhibit B and Exhibit C are used by Defendant as follow-up communications to communications such as Exhibit A.

24. A review of court dockets shows that neither Defendant nor its client have filed collection lawsuits against consumers during the last five years.

25. The reference to "take whatever collection action is allowed by law to obtain their

money" is, to the unsophisticated or least sophisticated consumer, a threat or statement that legal action will be taken.

26. The statement that "It is our endeavor to resolve this matter amicably and prevent further action" and the reference to "voluntary cooperation" likewise convey, to the least sophisticated or unsophisticated consumer, that unamicable and involuntary action will be forthcoming.

27. The statements "we can only assume you do want to defend this case" and "we are giving everyone a chance to work their debts out voluntarily first" likewise convey, to the least sophisticated or unsophisticated consumer, that legal action either had already been filed, or was about to be taken.

28. Additionally, Defendant left several voice messages on Plaintiff's phone regarding the alleged debt and indicated that the alleged debt had been assigned a "case number."

29. These statements did in fact lead Plaintiff to worry and be confused about whether she had been sued or was about to be sued.

30. All of Defendant's statements threatening or implying legal action are false, in that neither Defendant nor its client pursued legal action.

31. Plaintiff was harassed and aggravated as a result.

### COUNT I – FDCPA

32. Plaintiff incorporates paragraphs 1-31.

33. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by threatening or implying that legal action would be taken, when there was no intention to take such action.

34. Section 1692e provides:

False or misleading representations

4

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
>     (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of a class.

36. The class consists of (a) all individuals (b) to whom Defendant sent a communication (c) containing (i) "take whatever collection action is allowed by law" or (ii) "resolve this matter amicably and prevent further action" or (iii) "we can only assume you do want to defend this case" or (iv) "we are giving everyone a chance to work their debts out voluntarily first" (d) which communication was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action and (e) where Defendant also sent the individual the "notice of debt" described in 15 U.S.C. §1692g.

37. Plaintiff may alter the class definition to conform to developments in the case and discovery.

38. On information and belief, based on the size of Defendant's business and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether the language complained of conveys to the least sophisticated consumer or unsophisticated consumer the meaning that suit will be or has been filed;

5

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

        b.      Whether such communications violate the FDCPA.

40.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41.    A class action is appropriate for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible.

        b.      Members of the class are likely to be unaware of their rights;

        c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

        i.      Statutory damages;

        ii.      Attorney's fees, litigation expenses and costs of suit;

        iii.      Such other and further relief as the Court deems proper.

        */s/ Daniel A. Edelman*
        Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Cassandra P. Miller (ARDC 6290238)
Daniel Scott Miller (ARDC 6331448)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

FILED DATE: 8/6/2020 3:32 PM 2020CH05291

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
9/3/2020 11:27 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05291

10332560

# AFFIDAVIT OF SERVICE

| Case:<br>20 CH 5291 | Court:<br>[not provided] | County:<br>Cook | Job:<br>4842898 (Lewis v Biehl) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Natochia Lewis | | Defendant / Respondent:<br>Biehl & Biehl, Inc. | |
| Received by:<br>Legal Serve, LLC. | | For:<br>Edelman, Combs, Latturner & Goodwin, LLC | |
| To be served upon:<br>Biehl & Biehl, Inc. c/o William J. Biehl | | | |

I, Mark Grena, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: William J. Biehl, 325 Fullerton Ave, Carol Stream, IL 60188
Manner of Service: Personal/Individual, Aug 26, 2020, 5:47 pm CDT
Documents: Summons and Complaint

Additional Comments:
1) Successful Attempt: Aug 26, 2020, 5:47 pm CDT at 325 Fullerton Ave, Carol Stream, IL 60188 received by William J. Biehl. Age: 70; Ethnicity: Caucasian; Gender: Male; Weight: 165; Height: 5'7"; Hair: White;

_____   09/03/2020
Mark Grena                  Date
117-001734

Legal Serve, LLC.
PO Box 5241
Wheaton, IL 60189-5241
Agency ID # 117-001734

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

09/03/2020
Date

OFFICIAL SEAL
JOHN GRENA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/21/22

Return Date: No return date scheduled
Hearing Date: 12/4/2020 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
　　　　　Cook County, IL

FILED
8/10/2020 1:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05291

10049484

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |

**Summons - Alias Summons**　　　　　　　　　　　　　　**(08/01/18) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Natochia Lewis

　　　　　　　　　　(Name all parties)
　　　v.

Biehl & Biehl, Inc.

Case No. 2020-CH-05291

☑ **SUMMONS**　　☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons** (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

FILED DATE: 8/10/2020 1:08 PM 2020CH05291

Atty. No.: 41106
Atty Name: Daniel A. Edelman
Atty. for: Plaintiff Natochia Lewis
Address: 20 S. Clark Street, Suite 1500
City: Chicago
State: IL   Zip: 60603
Telephone: (312) 739-4200
Primary Email: courtecl@edcombs.com

Witness: _____

8/10/2020 1:08 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ⊙ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm