# EXHIBIT B



| Case Information Summary for Case Number |
|:---:|
| 2020-CH-05291 |

Filing Date: 08/06/2020            Case Type: CLASS ACTION

Division: Chancery Division         District: First Municipal

Ad Damnum: $0.00             Calendar: 15

### Party Information

**Plaintiff(s)**                          **Attorney(s)**

LEWIS NATOCHIA                EDELMAN COMBS
LATTURNER&
20 S CLARK 1500
CHICAGO IL, 60603
(312) 739-4200

**Defendant(s)**       **Defendant Date of Service**      **Attorney(s)**

BIEHL & BIEHL, INC.

### Case Activity

| Activity Date: 08/06/2020 | Participant: LEWIS NATOCHIA |
|:---|---:|

<div align="center">CLASS ACTION COMPLAINT FILED</div>

| Court Fee: 388.00 | Attorney: EDELMAN COMBS LATTURNER& |
|:---:|:---:|

| Activity Date: 08/06/2020 | Participant: LEWIS NATOCHIA |
|:---|---:|

<div align="center">EXHIBITS FILED</div>

| | Attorney: EDELMAN COMBS LATTURNER& |
|:---:|:---:|

| Activity Date: 08/06/2020 | Participant: LEWIS NATOCHIA |
|:---|---:|

<div align="center">EXHIBITS FILED</div>

| | Attorney: EDELMAN COMBS LATTURNER& |
|:---:|:---:|

| Activity Date: 08/06/2020 | Participant: LEWIS NATOCHIA |
|:---|---:|

## CASE SET ON CASE MANAGEMENT CALL

Date: 12/04/2020

Court Time: 1000

Court Room: 2410

Judge: LOFTUS, ANNA M.

Attorney: EDELMAN COMBS LATTURNER&

---

Activity Date: 08/10/2020

Participant: LEWIS NATOCHIA

### SUMMONS ISSUED AND RETURNABLE

Attorney: EDELMAN COMBS LATTURNER&

---

Activity Date: 09/03/2020

Participant: LEWIS NATOCHIA

### SUMMONS SERVED BY SPECIAL PROCESS SERVER

---

Activity Date: 09/10/2020

Participant: BIEHL AND BIEHL

### SUMMONS - RETD N.S.

Date: 09/10/2020

Back to Top

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
8/10/2020 1:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05291

10049484

FILED DATE: 8/10/2020 1:08 PM   2020CH05291

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Natochia Lewis

(Name all parties)

v.

Biehl & Biehl, Inc.

Case No. 2020-CH-05291

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

Defendant's Address:
Biehl & Biehl, Inc.
c/o Caroline S. Smith
180 N. LaSalle Street
Suite 3300
Chicago, IL 60601

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**          **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 41106

Atty Name: Daniel A. Edelman

Atty. for: Plaintiff Natochia Lewis

Address: 20 S. Clark Street, Suite 1500

City: Chicago

State: IL    Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Witness: _____

8/10/2020 1:08 PM DOROTHY BROWN

_____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person)

FILED DATE: 8/10/2020 1:08 PM 2020CH05291

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 8/10/2020 1:08 PM   2020CH05291

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 12/4/2020 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

**Atty. No. 41106**

FILED
8/6/2020 3:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

10024230

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| NATOCHIA LEWIS, | ) | |
| on behalf of Plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 2020CH05291 |
| | ) | |
| vs. | ) | |
| | ) | |
| BIEHL & BIEHL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Natochia Lewis respectfully requests that the Court order that this action,

alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"),

may proceed on behalf of a class against Defendant Biehl & Biehl, Inc.

The class consists of (a) all individuals (b) to whom Defendant sent a communication

(c) containing (i) "take whatever collection action is allowed by law" or (ii) "resolve this matter

amicably and prevent further action" or (iii) "we can only assume you do want to defend this

case" or (iv) "we are giving everyone a chance to work their debts out voluntarily first" (d)

which communication was sent at any time during a period beginning one year prior to the filing

of this action and ending 30 days after the filing of this action and (e) where Defendant also sent

the individual the "notice of debt" described in 15 U.S.C. §1692g.

Plaintiff is required to file a motion for class certification with the Complaint, *Ballard RN

Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060, and

may request leave to supplement it later.

In support of this motion, Plaintiff states:

**NATURE OF THE CASE**

1. Plaintiff Natochia Lewis  brings this action to secure redress from unlawful

credit and collection practices engaged in by Defendant Biehl & Biehl, Inc. Plaintiff alleges

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     Plaintiff Natochia Lewis is an individual who resides in Illinois.

3.     Defendant Biehl & Biehl, Inc. is an Illinois corporation.  Its registered agent and office is Caroline S. Smith, 180 N. Lasalle St., Ste. 3300, Chicago, IL 60601.

4.     Defendant Biehl & Biehl, Inc. is engaged in the business of collecting debts incurred for personal, family or household purposes and owed to others.  The debts include educational debts, medical debts, and charges for newspapers and periodicals.

5.     Defendant Biehl & Biehl, Inc. uses the mails, telephone system and internet for that purpose.

6.     Defendant Biehl & Biehl, Inc. is a debt collector as defined in the FDCPA.

7.     Defendant has been attempting to collect from Plaintiff an alleged educational debt.

8.     Any such debt is for personal, family or household purposes.

9.     On or about March 6, 2020, Defendant sent Plaintiff the letter attached as Exhibit A.

10.     Exhibit A states that "We have been asked by Benedictine University to take whatever collection action is allowed by law to obtain their money."

11.     Exhibit A is a form letter.

12.     Prior to Exhibit A, Defendant sent Plaintiff a letter containing the "notice of debt" required by the FDCPA, 15 U.S.C.  §1692g.

13.     On the morning of March 9, 2020, Defendant sent Plaintiff the e-mail attached as Exhibit B.

14.     Exhibit B states:

Please be advised that our firm has been retained to intercede on behalf of Benedictine University in facilitating resolution for the above reference claim. It is our endeavor to resolve this matter amicably and prevent further action.

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

Our client previously exhausted all efforts internally in seeking your voluntary cooperation. **Absent documentation from you that clearly indicates why your organization is lawfully withholding payment; full resolve with your intentions for payment must be presented to this office**.

Please contact me immediately to process payment by phone or forward a copy of your check to my attention via email or facsimile and payment will be processed as an EFT (Electronic Funds Transfer).

15.    On the afternoon of July 29, 2020, Defendant sent Plaintiff the e-mail attached as Exhibit C.

16.    <u>Exhibit C</u> states:

We have not heard from you on this outstanding debt. At this time, it is important to know your intentions and have an open line of communication.

Since we have not heard from you, we can only assume you do want to defend this case. However due to Covid-19 we are giving everyone a chance to work their debts out voluntarily first. That does take an open line of communication and to notify us of your intentions to clear this debt once the nation is released from quarantine.

Reach out today so this case does not move forward for additional remedies during these times.

17.    On information and belief, communications such as <u>Exhibit B</u> and <u>Exhibit C</u> are used by Defendant as follow-up communications to communications such as <u>Exhibit A</u>.

18.    A review of court dockets shows that neither Defendant nor its client have filed collection lawsuits against consumers during the last five years.

19.    The reference to "take whatever collection action is allowed by law to obtain their money" is, to the unsophisticated or least sophisticated consumer, a threat or statement that legal action will be taken.

20.    The statement that "It is our endeavor to resolve this matter amicably and prevent further action" and the reference to "voluntary cooperation" likewise convey, to the least sophisticated or unsophisticated consumer, that unamicable and involuntary action will be forthcoming.

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

21.     The statements "we can only assume you do want to defend this case" and "we are giving everyone a chance to work their debts out voluntarily first" likewise convey, to the least sophisticated or unsophisticated consumer, that legal action will be taken.

22.     Additionally, Defendant left several voice messages on Plaintiff's phone regarding the alleged debt and indicated that the alleged debt had been assigned a "case number."

23.     These statements did in fact lead Plaintiff to worry and be confused about whether she had been sued or was about to be sued.

24.     All of Defendant's statements threatening or implying legal action are false, in that neither Defendant nor its client pursued legal action.

25.     Plaintiff was harassed and aggravated as a result and found it necessary to obtain counsel to deal with Defendant.

26.     In this action, Plaintiff contends that Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by threatening or implying that legal action would be taken, when there was no intention to take such action.

27.     Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of—

     (A)  the character, amount, or legal status of any debt; . . .

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## THE FAIR DEBT COLLECTION PRACTICES ACT

28.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by

-4-

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

debt collectors." 15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

29.     In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule....  [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

30.     As noted in *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008), "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated." *See Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose").

31.     "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001); *Baker*, 677 F.2d at 780.

32.     Courts hold that whether a debt collector's conduct violates the FDCPA should be

FILED DATE: 8/6/2020 3:32 PM  2020CH05291

judged from the standpoint of an "unsophisticated consumer," *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), or "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985). The standard is an objective one – whether any particular consumer was misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

33. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

34. Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F. Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

## REQUIREMENTS FOR CLASS CERTIFICATION

35. Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Although the statute was modeled after Rule 23 of the Federal Rules of Civil Procedure, some differences exist between the two. *Eshaghi v. Hanley Dawson Cadillac Co.,* 214 Ill. App. 3d 995, 999, 574 N.E.2d 760, 762 (1st Dist. 1991).

36.     The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.  The circuit court has discretion as to whether an action may proceed as a class action. *Haywood v. Superior Bank,* 244 Ill. App. 3d 326, 328, 614 N.E.2d 461, 463 (1st Dist. 1993) (overturning the lower court's denial of class certification in a landlord-tenant case).

37.     Class actions are essential to enforce laws protecting consumers.  As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection.  . . .  To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups.  The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting.  The alternatives to the class action  --  private suits or governmental actions  --  have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective.  The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

38.     As demonstrated below, each of the requirements for class certification is met.

39.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases.  As a result, numerous FDCPA class actions have been certified.  *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015);  *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999); *Nielsen v. Dickerson*, 98cv5909, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 20, 1999); *Sledge v.*

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

*Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, 97cv1309, 1998 WL 35333712, 1998

U.S. Dist. LEXIS 19647 (C.D. Ill. May 29, 1998*) report and recommendation adopted,* 1998 WL

35333713, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 2098); *Carroll v. United Compucred*

*Collections, Inc.*, 1:99cv0152, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn.

Nov. 15, 2002), *report and recommendation adopted in part,* 2003 WL 1903266,  2003 U.S. Dist.

LEXIS 5996 (M.D. Tenn. Mar. 31, 2003) *aff'd,* 399 F.3d 620 (6th Cir. 2005);  *Wahl v. Midland*

*Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 95cv3483, 1996 WL

124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. Mar. 19, 1996), *aff'd,* 149 F.3d 589 (7th Cir.

1998); *Miller v. Wexler & Wexler*, 97cv6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382

(N.D. Ill. Feb. 6, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347  (N.D. Ill. 1998); *Arango*

*v. GC Servs., LP*, 97cv7912, 1998 WL 325257,  1998 U.S. Dist. LEXIS 9124 (N.D. Ill. June 11,

1998) (misleading collection letters); *Avila v. Van Ru Credit Corp.*, 94cv3234, 1995 WL 41425,

1995 U.S. Dist. LEXIS 461 (N.D. Ill. Jan. 31, 1995), aff'd sub nom. *Avila v. Rubin,*  84 F.3d 222

(7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Cotton v.*

*Asset Acceptance*, 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26,

2008) (class certified);  *Carr v. Trans Union Corp.*, 94cv0022, 1995 WL 20865, 1995 U.S. Dist.

LEXIS 567 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's

transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.*

93cv6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. Jan. 12, 1995) (same);

*Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) (similar);  *Zanni v. Lippold*, 119

F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983)

(FDCPA class certified regarding alleged failure to provide required "validation" notices and

addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d

956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v.*

*Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of

misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993);

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

*Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

### Numerosity

40.     Section 2-801(1) parallels the language of Federal Rule of Civil Procedure 23(a)(1); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450, 555 N.E.2d 1150, 1153 (5th Dist. 1990).  The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

41.     Illinois case law further indicates that "[t]he number of class members is relevant, not determinative." *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E. 2d at 1153. Where the class size is smaller, other factors may come into play to demonstrate that joinder is impractical, including: (1) geographical spread of class members, (2) ease of identifying and locating class members, (3) the knowledge and sophistication of class members and their need for protection, (4) the size of class members' claims, and (5) the nature of the case. *Id.* at 450-51, 555 N.E. 2d at 1153-54.

42.     It is not necessary that the precise number of class members be known:  "A class action may proceed upon estimates as to the size of the proposed class.*" In re Alcoholic Beverages Lit.,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986).   The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983).  "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

43.    In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity and the use of a form document, that there are more than 35 members of the class, making them so numerous that joinder is impracticable.

44.    While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E.2d at 1153 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); *Carr v. Trans Union Corp., supra* (Fair Debt Collection Practices Act class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); *Colbert v. Trans Union Corp., supra*  (same).

## Common Questions and Predominance

45.    A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist.1992).

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

46.    In the present case, the predominant common questions are:

    a.    Whether the language complained of conveys to the least sophisticated consumer or unsophisticated consumer the meaning that suit will be filed;

    b.    Whether such communications violate the FDCPA.

47.    Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

48.    The only individual issue is the identification of the class members, a matter easily ascertainable from the files of Defendant.

49.    Questions readily answerable from a party's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

## Adequacy of Representation

50.    The class action statute requires that the class representative provide fair and adequate protection for the interests of the class.  That protection involves two factors:  (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

51.    Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by <u>Exhibit D</u>, which sets forth counsel's qualifications.

52.    There are no conflicts between Plaintiff and the class members.

## Appropriateness of Class Action

-11-

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

53.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented.  *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972).  It is proper for a court, in deciding this issue, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

54.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer.  The vast majority of consumers are undoubtedly unaware that their rights are being violated.  In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

55.     The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).)

Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action.  As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis.  These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.')  The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

## <u>CONCLUSION</u>

56.     The Court should certify this action as a class action.


                              Respectfully submitted,


                              <u>*/s/Daniel A. Edelman*</u>
                              Daniel A. Edelman


Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on August 6 2020, or as soon as service is applicable, I caused  caused a true and accurate copy of the foregoing document to be served via special process server upon the following parties:

Biehl & Biehl, Inc.
C/o  registered agent
Caroline S. Smith
180 N. Lasalle St., Ste. 3300
Chicago, IL 60601

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

-15-

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# EXHIBIT A

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

**BIEHL & BIEHL, INC.**

P. O. BOX 87410

CAROL STREAM, IL 60188-7410



**BIEHL & BIEHL, INC.**

B & B    CIRN

325 E. Fullerton Ave., Carol Stream, IL 60188
Toll Free: 800-837-2434 Fax: 630-682-0545

| DEBT INFORMATION |
|---|
| Creditor: Benedictine University |
| Account #: ███████ |
| Date: 06 Mar 2020 |
| Account Balance: $2035.00 |


Natochia R Lewis
███████████████

We expected to receive the $2035.00 due. We have been asked by Benedictine University to take whatever collection action is allowed by law to obtain their money.

They have been very patient with you, but now expect payment in full. Now is the time to show your appreciation for the extra time allowed you. It is important that you send us your check.

Yours truly,

Christine Brennan

This is a communication from a debt collector.
This is an attempt to collect a debt. All information obtained will be used for this purpose.


IACC


COMMERCIAL COLLECTION AGENCIES of AMERICA

- - - - DETACH HERE AND PLACE IN RETURN ENVELOPE WITH YOUR PAYMENT - - - -

## PLEASE RETURN THIS STUB WITH YOUR PAYMENT

MAKE CHECK OR MONEY ORDER
PAYABLE TO CREDITOR LISTED
IN DEBT INFORMATION

Creditor: Benedictine University
Account #: ███████
Date: 06 Mar 2020
Account Balance: $2035.00

2235979
Natochia R Lewis
████████████████

BIEHL & BIEHL
P.O.BOX 87410
CAROL STREAM, IL 60188-7410

CBAB / LTD02 / 352022025451 / 281 / 0000271 / 002

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# **EXHIBIT B**

**From:** Christine Brennan
**Sent:** Monday, March 9, 2020 11:29 AM
**To:** [redacted]
**Subject:** CASE # 6230590 BENEDICTINE UNIVERSITY vs NATOCHIA R LEWIS $2,035.00

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

**************************************

Contractual Obligation:  $2,035.00

Case #:  6230590

Client Acct #: ████████

**************************************

Natochia,


Please be advised that our firm has been retained to intercede on behalf of Benedictine University in facilitating resolution for the above reference claim.  It is our endeavor to resolve this matter amicably and prevent further action.


Our client previously exhausted all efforts internally in seeking your voluntary cooperation.  **Absent documentation from you that clearly indicates why your organization is lawfully withholding payment; full resolve with your intentions for payment must be presented to this office**.


Please contact me immediately to process payment by phone or forward a copy of your check to my attention via email or facsimile and payment will be processed as an EFT (Electronic Funds Transfer).


Christine Brennan

Senior Collections Executive
Biehl & Biehl, Inc.

PO Box 87410

Carol Stream, IL 60188
Direct: 630-653-1864
Toll Free: 800-837-2434 Ext.1864
Fax: 630-682-0545


This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

Please consider the environment before printing this e-mail.
Confidentiality Notice: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. The information contained in this e-mail is confidential and intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
If you have received this message in error or there are any problems please notify the originator immediately.  The unauthorized use, disclosure, copying or alteration of this message is strictly forbidden.

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# EXHIBIT C

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

## RE: CASE # 6230590 BENEDICTINE UNIVERSITY vs NATOCHIA R LEWIS $2,035.00

From:   Christine Brennan (cbrennan@biehlcollects.com)

To:   ███████████████

Date:   Wednesday, July 29, 2020, 01:51 PM CDT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Contractual Obligation:   $2,035.00

Case #:   6230590

Client Acct #:   ████████

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Natochia,

We have not heard from you on this outstanding debt. At this time, it is important to know your intentions and have an open line of communication.

Since we have not heard from you, we can only assume you do want to defend this case. However due to Covid-19 we are giving everyone a chance to work their debts out voluntarily first. That does take an open line of communication and to notify us of your intentions to clear this debt once the nation is released from quarantine.

Reach out today so this case does not move forward for additional remedies during these times.

Christine Brennan

Senior Collections Executive
Biehl & Biehl, Inc.

PO Box 87410

Carol Stream, IL 60188
Direct: 630-653-1864
Toll Free: 800-837-2434 Ext.1864
Fax: 630-682-0545

This is an attempt to collect a debt. Any information obtained will be used for this purpose.

Please consider the environment before printing this e-mail.

Confidentiality Notice: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. The information contained in this e-mail is confidential and intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
If you have received this message in error or there are any problems please notify the originator immediately. The unauthorized use, disclosure, copying or alteration of this message is strictly forbidden.

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# <u>**EXHIBIT D**</u>

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| NATOCHIA LEWIS, | ) |
| on behalf of Plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BIEHL & BIEHL, INC., | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF DANIEL A. EDELMAN**

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 8 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Julie Clark, Heather Kolbus, Cassandra P. Miller, and Tiffany N. Hardy, and four associates.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions.  He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ. 2014 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of  *Collection Litigation: Representing the Debtor*  (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of  *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008); *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002);  *Payday Loans:  Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection:  The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services

-1-

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others. Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3. **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis* (LRP Publications 2010). Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000); *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995); *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); and *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals. She is a member of the Northern District of Illinois trial bar.

4. **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in *Federal Practice*

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

*Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989); *Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5. **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts. **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 2014 WL 2769122 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc*., 2015 WL 4052824 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.,* 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917  (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, No. 94 C 3328,  1996 WL 254299, 1996 U.S.Dist. LEXIS 6490 (N.D.Ill. May 10, 1996); *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

6. **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) **;** *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*, 219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00 C 186,  2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); *Western  Ry. Devices Corp. v. Lusida Rubber Prods.*, 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc.  v. GF Healthcare Products, Inc.*, 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14,  2007); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17,

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

2008); *Sadowski v. OCO Biomedical, Inc.*, 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

7.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.*, 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

8.    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

9.    **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D. 2001). **Reported cases:** *Unifund v. Shah*, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014); *Balbarin v. North Star*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Manlapaz v. Unifund*, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); *Matmanivong v. Unifund*, 08 C 6415, 2009 WL 1181529, 2009 U.S. Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); *Kubiski v. Unifund*, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); *Cox v. Unifund CCR Partners*, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Cotton v. Asset Acceptance*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Ketchem v. American Acceptance Co.*, 641 F. Supp. 2d 782 (N.D.Ind. 2008); *D'Elia v.

*First Capital*, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008). She is admitted in New York and the District of Columbia as well as Illinois.

      10.    **Associates**:

          a.    **David Kim** is a graduate of the University of Illinois (B.A., 2001, M.A., 2004) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 2010).

          b.    **Bryan Lesser** is a graduate of Lawrence University (B.A. 2014) and Georgetown University Law Center (J.D., 2018).

          c.    **Daniel Scott Miller** is a graduate of Durham University (B.A. 2014) and University of Illinois College of Law (J.D. 2018).

          d.    **Kasun Wijegunawardana** is a graduate of Cornell College (B.A. 2010) and Loyola University Chicago Law School (J.D., 2019).

      11.    The firm also has a dozen legal assistants and support staff.

      12.    Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

      13.    **Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual. Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC*, No. 18-1042, 2019 WL 847920 (3d Cir. Feb. 22, 2019); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.*, 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D.Ill. 2006); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) (FDCPA coverage of debt buyers); *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.*, 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler*, 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.*, No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.*, 94 C 3234, 1994 WL

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman*, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I*, 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.*, 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); *Terech v. First Resolution Mgmt. Corp.*, 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC*, 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); *Simkus v. Cavalry Portfolio Services, LLC*, 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC*, 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry Portfolio Servs., LLC*, 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay*, 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche*, 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion*, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock*, 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.*, 98 C 631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

14. *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters." *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

15. **Debtors' rights**. Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.,* 05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

16. **Telephone Consumer Protection Act.** The firm has brought a number of

FILED DATE: 8/6/2020 3:32 PM    2020CH05291

cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.*, 07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

17.     The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act.  Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12 C 9809 et al., 2014 WL 1089072 (N.D.Ill., Mar. 18, 2014), later opinion, 2014 WL 1304234 (N.D.Ill., March 31, 2014). The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

18.     **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.*, 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012).

19.     Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.  *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004);  *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006).

20.     **Class action procedure:**  Important decisions include *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness),  and *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

21.     **Landlord-tenant:**  The firm has brought more than 20 class actions against landlords to enforce tenants' rights.  Claims include  failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams*, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship*, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.*,  344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

22.     **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation*, and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917   (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.*, 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.*, 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.*, 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n*, 86 C 3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.*, 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.*, 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.*, 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.*, 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation*, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

23.     The recoveries in the escrow overcharge cases alone are over $250 million.  *Leff* was the seminal case on mortgage escrow overcharges.

24.     The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

25.     **Bankruptcy:**  The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher  v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439  (1st Cir. 2000).

26.     **Automobile sales and financing practices:**  The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a.     Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

b.     Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998);  *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*,  955 F.Supp. 938  (N.D.Ill. 1997) (same); *Chandler*

-8-

FILED DATE: 8/6/2020 3:32 PM    2020CH05291

*v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

c.    Spot delivery.    *Janikowski v. Lynch Ford, Inc.*, 98 C 8111, 1999 WL 608714 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d.    Force placed insurance.    *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

e.    Improper obligation of cosigners.    *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

f.    Evasion of FTC holder rule.    *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

27.    These cases also had a substantial effect on industry practices.  The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

28.    **Predatory lending practices:**  The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied*, 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.*, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion,  114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex.  2000); *Donnelly v. Illini Cash Advance, Inc.*, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677  (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99 C 2700,  1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug.

26, 1999).

29.     **Other consumer credit issues:**  The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

a.     Phony nonfiling insurance.  *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932  (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

b.     The McCarran Ferguson Act exemption.  *Autry v. Northwest  Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c.     Loan flipping.  *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d.     Home improvement financing practices.  *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*,  690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e.     Insurance packing.  *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

30.     **Automobile leases:**  The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions.  Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428,  1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

31.     *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act.  As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

32.     **Insurance litigation:**  Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy.  The firm has extensive experience with such litigation.  Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007);  *Pietras v. Sentry Ins. Co.*, 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*,  06 C 2092, 2007 WL 2608559,

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

33. Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.,* 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.,* 973 F.Supp.2d 905 (N.D.Ill. 2013).

34. *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.


/s/ Daniel A. Edelman
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Hearing Date: 12/4/2020 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
        Cook County, IL

FILED
8/6/2020 3:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05291

10024230

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# **<u>EXHIBIT A</u>**



**BIEHL & BIEHL, INC.**

P. O. BOX 87410

CAROL STREAM, IL 60188-7410

**B & B**

325 E. Fullerton Ave., Carol Stream, IL 60188
Toll Free: 800-837-2434 Fax: 630-682-0545

FILED DATE: 8/6/2020 3:32 PM   2020CH05291



Natochia R Lewis

| DEBT INFORMATION |
|---|

Creditor: Benedictine University

Account #: ███████

Date: 06 Mar 2020

Account
Balance: $2035.00

We expected to receive the $2035.00 due. We have been asked by Benedictine University to take whatever collection action is allowed by law to obtain their money.

They have been very patient with you, but now expect payment in full. Now is the time to show your appreciation for the extra time allowed you. It is important that you send us your check.

Yours truly,

Christine Brennan

This is a communication from a debt collector.
This is an attempt to collect a debt. All information obtained will be used for this purpose.





- - - - DETACH HERE AND PLACE IN RETURN ENVELOPE WITH YOUR PAYMENT - - - -

## PLEASE RETURN THIS STUB WITH YOUR PAYMENT

MAKE CHECK OR MONEY ORDER
PAYABLE TO CREDITOR LISTED
IN DEBT INFORMATION

Creditor: Benedictine University
Account #: ██████
Date: 06 Mar 2020
Account Balance: $2035.00

2235979
Natochia R Lewis

BIEHL & BIEHL
P.O.BOX 87410
CAROL STREAM, IL 60188-7410

CBAB / LTD02 / 352022025451 / 281 / 0000271 / 002

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

# EXHIBIT B

**From:** Christine Brennan
**Sent:** Monday, March 9, 2020 11:29 AM
**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** CASE # 6230590 BENEDICTINE UNIVERSITY vs NATOCHIA R LEWIS $2,035.00

5291

FILED DATE: 8/6/2020 3:32 PM   2020CH05291

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Contractual Obligation:  $2,035.00

Case #:  6230590

Client Acct #: ███████████

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Natochia,


Please be advised that our firm has been retained to intercede on behalf of Benedictine University in facilitating resolution for the above reference claim.  It is our endeavor to resolve this matter amicably and prevent further action.


Our client previously exhausted all efforts internally in seeking your voluntary cooperation.  **Absent documentation from you that clearly indicates why your organization is lawfully withholding payment; full resolve with your intentions for payment must be presented to this office**.


Please contact me immediately to process payment by phone or forward a copy of your check to my attention via email or facsimile and payment will be processed as an EFT (Electronic Funds Transfer).


Christine Brennan

Senior Collections Executive
Biehl & Biehl, Inc.

PO Box 87410

Carol Stream, IL 60188
Direct: 630-653-1864
Toll Free: 800-837-2434 Ext.1864
Fax: 630-682-0545


This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

Please consider the environment before printing this e-mail.
Confidentiality Notice: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. The information contained in this e-mail is confidential and intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
If you have received this message in error or there are any problems please notify the originator immediately.  The unauthorized use, disclosure, copying or alteration of this message is strictly forbidden.

FILED DATE: 8/6/2020 3:32 PM    2020CH05291

# <u>EXHIBIT C</u>

FILED DATE: 8/6/2020 3:32 PM    2020CH05291

## RE: CASE # 6230590 BENEDICTINE UNIVERSITY vs NATOCHIA R LEWIS $2,035.00

From:   Christine Brennan (cbrennan@biehlcollects.com)

To:     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Date:   Wednesday, July 29, 2020, 01:51 PM CDT

***********************************

Contractual Obligation:  $2,035.00

Case #:  6230590

Client Acct #:  ▉▉▉▉▉▉▉

***********************************

Natochia,

We have not heard from you on this outstanding debt.  At this time, it is important to know your intentions and have an open line of communication.

Since we have not heard from you, we can only assume you do want to defend this case.  However due to Covid-19 we are giving everyone a chance to work their debts out voluntarily first. That does take an open line of communication and to notify us of your intentions to clear this debt once the nation is released from quarantine.

Reach out today so this case does not move forward for additional remedies during these times.

Christine Brennan

Senior Collections Executive
Biehl & Biehl, Inc.

PO Box 87410

Carol Stream, IL 60188
Direct: 630-653-1864
Toll Free: 800-837-2434 Ext.1864
Fax: 630-682-0545

This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

Please consider the environment before printing this e-mail.
Confidentiality Notice: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. The information contained in this e-mail is confidential and intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
If you have received this message in error or there are any problems please notify the originator immediately.  The unauthorized use, disclosure, copying or alteration of this message is strictly forbidden.