**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATOCHIA LEWIS, | ) | |
| on behalf of Plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:20-cv-05675 |
| vs. | ) | Judge Seeger |
| | ) | |
| BIEHL & BIEHL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following

discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The

parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the

Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

      A.      Identify the attorneys of record for each party.  Note the lead trial attorney
and any local counsel.

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| Daniel A. Edelman (lead trial attorney) <br> Cathleen M. Combs <br> Cassandra P. Miller <br> Daniel S. Miller <br> EDELMAN, COMBS, LATTURNER, <br> & GOODWIN, LLC <br> 20 S. Clark Street, Suite 1500 <br> Chicago, IL 60603-1824 <br> (312) 739-4200 <br> (312) 419-0379 (FAX) <br> cmiller@edcombs.com <br> dmiller@edcombs.com <br> Email Address for service: <br> courtecl@edcombs.com | David M. Schultz (lead trial <br> attorney) <br> Jennifer W. Weller <br> HINSHAW & CULBERTSON LLP <br> 151 North Franklin Street, Suite <br> 2500 Chicago, IL 60606 <br> T: (312) 704-3000 <br> F: (312) 704-3001 <br> dschultz@hinshawlaw.com <br> jweller@hinshawlaw.com |

B.      State the basis for federal jurisdiction.

This Court has subject matter jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District. Plaintiff is an individual who resides in the Northern District of Illinois. Defendant is an Illinois corporation. Its registered agent and office is Caroline S. Smith, 180 N. Lasalle St., Ste. 3300, Chicago, IL 60601.

C.      Provide a short overview of the case in plain English (five sentences or less).

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), §1692e, 1692e(2), 1692e(5) and 1692e(10) when it sent her a letter and two emails that Plaintiff contends threaten legal action when neither Defendant nor its client pursued legal action.
Plaintiff also contends that Defendant violated the FDCPA when it left several voice messages on Plaintiff's phone regarding the alleged debt and indicated that the alleged debt had been assigned a "case number." Plaintiff asserts these claims on behalf of herself and an alleged class. Defendant denies that its communications threatened legal action and denies that it is a debt collector under the FDCPA.

D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Count I of Plaintiff's complaint alleges that Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) (FDCPA) by threatening or implying that legal action would be taken, when there was no intention to take such action. Plaintiff brings this claim individually and on behalf of a putative class. Plaintiff alleges a class of (a) all individuals (b) to whom Defendant sent a communication (c) containing (i) "take whatever collection action is allowed by law" or (ii) "resolve this matter amicably and prevent further action" or (iii) "we can only assume you do want to defend this case" or (iv) "we are giving everyone a chance to work their debts out voluntarily first" (d) which communication was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action and (e) where Defendant also sent the individual the "notice of debt" described in 15 U.S.C. §1692g.

Defendant denies that it meets the definition of a debt collector under 1692a(6). Defendant denies that its communications threaten legal action and further denies that a class can or should be certified under Plaintiff's theories. In the event that the FDCPA applies, which Defendant denies, it asserts a "bona fide error defense" under 15 U.S.C. § 1692k(c).

E.      What are the principal factual issues?

Whether the communications complained of would convey to an unsophisticated consumer that legal action would be taken to collect the alleged debt;

Whether Defendant had a pattern and practice of sending similar communications to other debtors;

Whether Defendant files collection actions;

What policies and procedures Defendant had in place to avoid the violations alleged by Plaintiff; and

Whether Defendant is debt collector as that term is defined by the FDCPA.

F.     What are the principal legal issues?

Whether the communications complained of violate the FDCPA;

Whether a "bona fide error defense" exists;

The alleged damages of Plaintiff and/or the putative class members; and

Whether Plaintiff can satisfy the requirements for class certification under Rule 23.

G.     What relief is the plaintiff(s) seeking?  Quantify the damages, if any.

Plaintiff seeks, for herself and the putative class, statutory damages, which for a class claim constitute one percent of Defendant's net worth or $500,000.00, whichever is less, attorney's fees and costs, and any other relief the Court deems proper.

H.     Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.

Defendant has been served.

## II.    **Mandatory Initial Discovery (Pilot Program)**

A.     Acknowledge that all counsel of record have read the Mandatory Initial Discovery Standing Order.

All counsel acknowledge reading the Mandatory Initial Discovery Standing Order.

B.     Confirm compliance with the mandatory initial discovery responses, or state the deadline for responses (30 days after filing the answer).  The parties must file a separate notice of service of their initial responses (but not the responses themselves).

The parties confirm compliance.

C.      Briefly describe any disputes concerning the mandatory initial discovery responses, if any.

There are no disputes.

## III.     **Discovery**

A.      Propose a discovery schedule.  Include the following deadlines:  (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.

| Event | Deadline |
|---|---|
| Mandatory Initial Discovery Responses | Served on November 28, 2020 |
| Amendment to the pleadings | June 7, 2021 |
| Service of process on any "John Does" | None |
| Completion of Fact Discovery | September 7, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | October 7, 2021 |
| Deposition of Plaintiff's Expert | November 8, 2021 |
| Disclosure of Defendant's Expert Report(s) | December 8, 2021 |
| Deposition of Defendant's Expert | January 10, 2022 |
| Dispositive Motions | The parties request that this court set the matter for status following the ruling on Plaintiff's anticipated motion for class certification, at which time, a briefing schedule may be set for the parties anticipated motions for summary judgment. Plaintiff anticipates filing her motion for class certification following the close of fact discovery. To the extent that this Court wishes to set a deadline for dispositive motions at this time, the parties anticipate being prepared to do so in April of 2022. |

B.      How many depositions do the parties expect to take?

4

The parties do not anticipate any depositions other than the party depositions.

C.    Do the parties foresee any special issues during discovery?

Defendant anticipates the need for a Protective Order. The parties agree to use an order substantially similar to the Confidentiality Order recommended and available on this Court's website. The parties further agree that any such motion for approval of a protective order will be jointly filed by January 12, 2021.

D.    Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

The parties do not propose any additional discovery procedures.

## IV.    <u>Trial</u>

A.    Have any of the parties demanded a jury trial?

Defendant has demanded a jury trial.

B.    Estimate the length of trial.

3-4 days.

## V.    <u>Settlement, Referrals, and Consent</u>

A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?

Defendant conveyed a settlement offer on December 3, 2020. Plaintiff provided a counteroffer to Defendant on December 8, 2020.

B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties do not request a settlement conference at this time.

C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure?

Counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The parties do not unanimously consent to proceed before a Magistrate Judge.

**VI.** <u>**Other**</u>

A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Plaintiff anticipates filing a motion for class certification following the close of discovery. Plaintiff proposes that the motion for class certification be fully briefed and decided before the parties begin briefing summary judgment pursuant to Rule 56 to avoid any one-way intervention objections or waiver arguments. *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352-355 (7th Cir. 1975); *Mendez v. The Radec Corp. et al*, 260 F.R.D. 38 (W.D.N.Y. 2009). *See also In re Cablevision Consumer Litigation*, No. 10-CV-4992(JS)(AKT), 2014 U.S. Dist. LEXIS 44983, at *49-50 (E.D.N.Y. Mar. 31, 2014). If this Court certifies Plaintiff's proposed class, notice of the pendency of the action will need to be provided to each class member before the Court enters any dispositive orders which may affect their claims.

As such, Plaintiff respectfully requests that the court enter a schedule for dispositive motions following the Court's ruling on the motion for class certification.

B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Respectfully submitted,

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| */s/ Cassandra P. Miller*<br>Daniel A. Edelman (lead trial attorney)<br>Cathleen M. Combs<br>Cassandra P. Miller<br>Daniel S. Miller<br>EDELMAN, COMBS, LATTURNER,<br>& GOODWIN, LLC<br>20 S. Clark Street, Suite 1500<br>Chicago, IL 60603-1824<br>(312) 739-4200<br>(312) 419-0379 (FAX)<br>cmiller@edcombs.com<br>dmiller@edcombs.com<br>Email Address for service:<br>courtecl@edcombs.com | */s/ Jennifer W. Weller*<br>David M. Schultz<br>Jennifer W. Weller<br>HINSHAW & CULBERTSON LLP<br>151 North Franklin Street, Suite<br>2500 Chicago, IL 60606<br>T: (312) 704-3000<br>F: (312) 704-3001<br>dschultz@hinshawlaw.com<br>jweller@hinshawlaw.com |

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, certify that on Wednesday, December 9, 2020, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.


s/*Cassandra P. Miller*
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Daniel S. Miller
**EDELMAN, COMBS, LATTURNER**
            **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
#